**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-3615 |
| Plaintiff - Appellee, | D.C. No. 3:21-cr-00199-CRB-1 |
| v. | |
| RUBEN ANTONIO GAONA-CORNEJO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted October 21, 2025**
Portland, Oregon

Before: CALLAHAN, CHRISTEN, and HURWITZ, Circuit Judges.

Defendant Ruben Gaona-Cornejo appeals a district court order denying his

motion to dismiss his indictment for illegal reentry in violation of 8 U.S.C. § 1326.

Because the parties are familiar with the facts, we do not recount them here.  We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's order denying the motion to dismiss the indictment based on a collateral challenge to a prior removal order. *United States v. Gonzalez-Flores*, 804 F.3d 920, 926 (9th Cir. 2015). We affirm.

To collaterally challenge an underlying order of removal in a prosecution for illegal reentry, a defendant must demonstrate: (1) he "exhausted any administrative remedies that may have been available to seek relief against the order"; (2) the proceedings giving rise to the order "improperly deprived the alien of the opportunity for judicial review"; and (3) "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). All three elements of § 1326(d) are mandatory. *United States v. Palomar-Santiago*, 593 U.S. 321, 326-27 (2021).

"Exhaustion of administrative remedies requires an alien to raise and appeal before an agency the claims that the agency could consider to render relief against the challenged order at issue." *United States v. De La Mora-Cobian*, 18 F.4th 1141, 1146 (9th Cir. 2021). Here, the Immigration Judge (IJ) expressly informed Gaona-Cornejo that he would have to decide whether to "fight the case" or to concede removal, and Gaona-Cornejo stated that he would "get the deportation" instead of applying for any relief. The IJ also informed Gaona-Cornejo of his right to appeal, which he waived. Because Gaona-Cornejo did not seek any relief before

the IJ and waived his right to appeal the IJ's decision, he failed to exhaust his administrative remedies. *See id.*

Gaona-Cornejo contends he satisfied § 1326(d)(1) because his waiver of appellate rights was not knowing and intelligent. He contends he "relied on inaccurate legal advice from a pro bono counsel" who informed him he had a 95% chance of losing any appeal. But even if this contention is accurate, it does not excuse failure to comply with § 1326(d)(1).

Section 1326(d)(1) "must be satisfied in every case." *United States v. Valdivias-Soto*, 112 F.4th 713, 731 (9th Cir. 2024). In narrow circumstances, an administrative remedy that formally exists may not be "available" within the meaning of § 1326(d)(1). *Id.* at 730-31 (citing *Ross v. Blake*, 578 U.S. 632, 643-44 (2016)). For example, in *Valdivias-Soto*, we held that administrative remedies were unavailable because "the IJ misled the defendant as to the existence or rules of the process for obtaining them." *Id.* at 732 (citation modified). But here, Gaona-Cornejo does not identify any misstatements by the IJ "concerning the procedural rules for obtaining administrative remedies." *Id.* (emphasis omitted). "[T]he IJ informed [Gaona-Cornejo] . . . of [his] right to appeal and, unlike the IJ in *Valdivias-Soto*, made no affirmative misrepresentations about that right." *United States v. Nunez*, 140 F.4th 1157, 1165 (9th Cir. 2025). "Thus, even if [Gaona-Cornejo's] waiver were not 'considered and intelligent,' that alone would

25-3615

not excuse [his] failure to exhaust administrative remedies pursuant to § 1326(d)(1)." *Id.*[1]

**AFFIRMED.**

---

[1]    Because we conclude that Gaona-Cornejo failed to satisfy § 1326(d)(1), we need not consider the other elements of § 1326(d). *See United States v. Portillo-Gonzalez*, 80 F.4th 910, 920 (9th Cir. 2023).